### FIDELITY & CASUALTY CO. OF NEW YORK, Plaintiff v. BROWN, Defendant.

Common Pleas Court, Jefferson County.

No. 33447. Decided December 30, 1943.

Smith, Francis & Irvine, Steubenville, by Carl H. Smith, of counsel; and C. William Hayes, Steubenville, for plaintiff.

Fred A. Stone, Steubenville, for defendant.

## OPINION

By HOOPER, J.

This case came on for hearing before the Court, a jury having been waived by both parties, upon the pleadings, the evidence, and the arguments of counsel.

The plaintiff in its amended petition alleges that it is a corporation organized, created and existing under the laws of the State of New York and qualified to do business under the laws of Ohio, and that it is engaged in the business of issuing policies of insurance and acting as surety on bonds in the State of Ohio.

Plaintiff further avers that on January 25, 1925, it became surety upon the bond of the defendant as executor of the estate of David Brown, deceased, in the Probate Court of Belmont County, Ohio. Plaintiff further avers that on September 10, 1935, the Probate Court of Belmont County, Ohio, entered a judgment against Stanley E. Brown, as executor of the estate of David Brown, deceased, in the sum of $1706.50, with interest at the rate of 4% from October 6, 1923, to September 10, 1935, and that said judgment resulted from a finding by said court that Stanley E. Brown, as executor of the estate of David Brown, deceased, had failed to list among the assets certain notes of Stanley E. Brown and account for same as executor of said estate. Plaintiff further avers that it paid a part of said judgment under its bond prior to February 14, 1936, and that there is due from the defendant on account thereof the sum of $1968.98, for which amount with interest at the rate of 6% per annum from February 14, 1936, plaintiff prays judgment against the defendant, and costs of suit.

To that amended petition the defendant filed an answer setting forth two defenses. In the first defense the defendant admits that the plaintiff is a corporation as alleged in its amended petition and that it is authorized to execute surety bonds in the State of Ohio; admits that the plaintiff became surety for the defendant as alleged by plaintiff in its amended petition, and further answering in the first defense of said answer the defendant denies each and every, all and singular the other allegations contained in plaintiff's amended petition.

In the second defense of defendant's answer he says that

on September 27, 1929, he filed his petition in bankruptcy in the District Court of the United States for the Southern District of Ohio, Eastern Division, containing a schedule of all of his property and all his obligations then existing, and prayed that he be adjudged a bankrupt under the Acts of Congress of the United States, and that on the 27th day of September, A. D. 1929, said defendant was duly adjudged a bankrupt; that he thereafter filed his petition for discharge in said court and that on the 27th day of October, 1930, a discharge was ordered by said court on behalf of Stanley E. Brown in which it was ordered that the said Stanley E. Brown be discharged from all debts and claims which are made provable by said Acts against his estate which existed on the 27th day of September, A. D. 1929, and on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy. Defendant prays that the amended petition of plaintiff be dismissed at its costs.

In its reply to the answer of the defendant plaintiff alleges:

First, that the allegations of the second defense are insufficient in law to constitute a defense.

Second, that the matters set forth in the second defense of the answer are res adjudicata.

Third, the plaintiff alleges that it has no knowledge and therefore denies the allegations set forth in the second defense and asks that strict proof may be made thereof.

Most of the evidence in this case is undisputed and the undisputed evidence pertinent to the issues in this case is as follows:

That on October 6, 1923, Stanley E. Brown, who was named in the Last Will and Testament of David Brown, deceased, as executor thereof, was by the Probate Court of Belmont County, Ohio, appointed executor of said estate, and that as said executor he was not then required to give bond; that upon the application of Anna Schafer, one of the heirs at law of David Brown, deceased, said Stanley E. Brown, executor, was ordered by the Probate Court of Belmont County to furnish a bond in the sum of $12,000.00, and that thereupon said Stanley E. Brown furnished said bond with the Fidelity & Casualty Company of New York, the plaintiff herein, as surety, said bond being approved on the 31st day of January, 1924; that an appraisement was filed in the Probate Court of Belmont County, Ohio, on the 25th day of October, 1923, showing that Stanley E. Brown was indebted to David Brown, at the time of his

decease, on three notes totaling $1706.50. The inventory and appraisement showed that one note, in the sum of $1500.00, was secured by mortgage. Under the evidence in the case it was agreed by the parties to this action that said note was not secured by mortgage.

On March 11, 1935, Stanley E. Brown, as executor, filed his final account. Exceptions were filed to this account and on the 10th day of September, 1935, the Probate Court sustained the exceptions and made a finding against said executor setting forth among other things in said finding that the sum of $2520.69 was found due said estate by the court on notes of Stanley E. Brown, and ordered said executor to distribute the balance of said estate remaining in his hands amounting to $2936.67 for which he was ordered to account and distribute according to law and the will of the testator.

On January 31, 1936, the plaintiff, The Fidelity & Casualty Company of New York, paid under its bond covering Stanley E. Brown, executor of the estate of David Brown, deceased, the sum of $2015.35; that on February 7, 1936, said account of distribution was approved; that on the 27th day of October, 1930, Stanley E. Brown was discharged in bankruptcy from all debts and claim which are made provable against his estate and which existed on the 27th day of September, 1929, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy; that the defendant, Stanley E. Brown, has not reimbursed plaintiff in full for the money paid by plaintiff for defendant as executor of the estate of David Brown, deceased, on the bond referred to herein.

The pleadings and evidence in this case presents this question for determination by the court:

Whether the plaintiff's claim is barred by the defendant's discharge in bankruptcy.

The burden of proof rests upon the plaintiff to show that its claim was not discharged by the discharge of the defendant in bankruptcy.

The United States Code, Title 11, Sec. 35, page 246, provides in part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (fourth) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The defendant in this case was undisputedly a fiduciary, that is, he was executor of the estate of David Brown, deceased. It is the claim of the plaintiff that the defendant defaulted while acting as such fiduciary. The defendant claims that there was no defalcation because the debt was

created before he became a fiduciary and not while he was acting as a fiduciary. The law is well settled that to charge a person with defalcation under the statute the defalcation must have been committed while said person was acting in a fiduciary capacity.

**Section 10509-67 GC,** provides in part as follows:

"The naming of a person executor in a will shall not operate as a discharge or bequest of a just claim which the testator had against such executor. It shall be included among the credits and effects of the deceased in the inventory. The executor shall be liable for it as for so much money in his hands at the time such debt or demand became due and must apply and distribute it in the payment of debts and legacies and among the next of kin as part of the personal estate of the deceased."

In **Vol. 18 O. Jur.,** p. 168, §124, in discussing the Ohio statutory provision heretofore referred to, it is stated:

"The instant administration is granted, the administrator, being the person to pay and also to receive payment, is considered to have paid the debt, which is regarded as so much money in the representative's hands and for which he must account as assets for the payment of debts and legacies. No act of the executor or administrator can turn the former claim again into a mere demand or obligation. It is not absolutely an extinguishment of debt, but quasi a release at law, because he cannot be sued. A debt merely gives rise to a right to recover the amount by way of action, and as an executor or administrator cannot maintain an action against himself, his appointment by the creditor to that office suspends the action for the debt, and it is forever gone and discharged. The chose in action is converted into a chose in possession, and is submitted by the mere operation of law, which is equivalent to judgment and execution."

The foregoing statements from Ohio Jurisprudence are supported by the following judicial decisions in Ohio:

**Executor of Oliver Bigelow v Admrs. of Elihu Bigelow, 4 Ohio Reports, 138.**

**McGaughey, Admr., etc. v Jacoby et, 54 Oh St 487.**

**John A. Cheney v Isaiah A. Powell et, 20 Ohio Circuit Court Reports, 398.**

**The United States Fidelity & Guaranty Co. of Baltimore, Md. v Jones et, 22 Oh Ap 345.**

These decisions would indicate that the instant Stanley E. Brown qualified as executor of his father's estate the notes or indebtedness which Stanley E. Brown owed his father, under the law became assets of said estate in the hands of the executor. As stated in Ohio Jurisprudence, the chose in action was converted into a chose in possession. The character of the obligation changed and Stanley E. Brown stood in a different relationship as executor of his father's estate than he did as a mere debtor of his father. The old debt became an asset in his hands as executor and he became liable for it as for so much money in his hands. He failed to account as executor for this asset. He failed to account for it as a fiduciary. This was a defalcation, that is, he was short in his account and the defalcation was by him as a fiduciary. We, therefore, feel that the defendant in this case was not released by his discharge in bankruptcy of the claim of the plaintiff because of his defalcation while acting as a fiduciary, that is, while acting as executor. Under the evidence in this case the plaintiff, as a surety on the bond of the defendant as executor of the estate of David Brown, deceased, paid the sum of $2015.35; the defendant is entitled to a credit on this amount of $46.37, leaving a balance due the plaintiff from the defendant of $1968.98.

Having arrived at this conclusion it is not necessary for the court to determine whether this matter is res adjudicata as set up by the plaintiff in its reply.

Judgment is therefore rendered in favor of the plaintiff and against the defendant for the sum of $1968.98, with interest from February 14, 1936, and costs of suit.

Exceptions allowed defendant.

Special entry.